UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:07CV-00030-EHJ

TERRY L. CURRY                                                                                                      PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                         DEFENDANT

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION

### BACKGROUND

Before the Court is the complaint (DN 1) of Terry L. Curry ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). Both the plaintiff (DN 9) and the defendant (DN 11) have filed a Fact and Law Summary. Additionally, plaintiff seeks a prejudgment remand, pursuant to sentence six of 42 U.S.C. § 405(g), (DN 9) and defendant has filed an objection thereto (DN 11).

The District Judge has referred the case to the undersigned United States Magistrate Judge (DN 7) to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations. 28 U.S.C. Section 636(b)(1)(B). By Order entered April 30, 2007 (DN 7), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

In May and April 2003 plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income payments[1] (Tr. 61-63, 444-449). Plaintiff alleged that he became disabled on August 15, 2001 as a result of Bell's Palsy speech problems, vision deficits, memory deficits, headaches, pain in his neck, pain in his shoulders, and depression (Tr. 26, 78). Administrative Law Judge Roger L. Reynolds ("ALJ") conducted a hearing on April 25, 2005 in Campbellsville, Kentucky (Tr. 490). The plaintiff was present and represented by attorney Richard Burchett. Also present and testifying was Linda Sparrow as a vocational expert.

In a decision dated August 22, 2005, the ALJ found from the medical evidence in the record that plaintiff's history of Bell's Palsy; chronic headaches of uncertain etiology; history of polysubstance dependency, in remission by history; ongoing marijuana abuse; gastroesophageal reflux disease; and shortness of breath secondary to nicotine abuse, are "severe" impairments within the meaning of the regulations (Tr. 29). The ALJ found these impairments are not severe enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1 (Tr. 29). At the fourth step in the sequential evaluation process, the ALJ found plaintiff retains the residual functional capacity to perform less than a full range of work at the heavy, medium, light and sedentary exertional levels because of the following reasons:

> "The claimant requires simple, entry-level work with no frequent changes in work routine; no requirement for problem solving or independent planning. Only occasional interaction with the general public; no work around concentrated dust, gases, fumes, temperature extremes or excess humidity; no climbing of ropes, ladders, or scaffolds; and no work at heights or around industrial hazards."

(Tr. 30). The ALJ relied on testimony from the vocational expert to find that plaintiff cannot return

---

[1]The protective filing date is March 17, 2003 (Tr. 443).

to his past relevant work given his present residual functional capacity (Tr. 30). At the fifth step, the ALJ considered plaintiff's age, education, residual functional capacity and vocationally relevant past work experience along with testimony from the vocational expert and found that plaintiff is capable of making a successful adjustment to work that exists in significant numbers in the national economy (Tr. 30-31). The ALJ concluded plaintiff is not under a "disability," as defined in the Social Security Act, at any time through the date of the decision (Tr. 32).

Plaintiff timely filed a request for review by the Appeals Council (Tr. 19-20). Additionally, he submitted new medical evidence for consideration by the Appeals Council (Tr. 13, 14, 463-489). The Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 9-12). Notably, it concluded since the new medical evidence "is about a later time. ... it does not affect the decision about whether you were disabled beginning on or before August 22, 2005", the date of the ALJ's decision (Tr. 10).

## CONCLUSIONS OF LAW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923

(6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. Sections 404.1520, 416.920. In summary, the evaluation proceeds as follows:

> 1)   Is the claimant engaged in substantial gainful activity?
>
> 2)   Does the claimant have an impairment or combination of impairments that significantly limits his or her ability to do basic work activities?
>
> 3)   Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4)   Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
> 5)   Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 9-12). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial

4

evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

The undersigned will first address plaintiff's argument that a prejudgment remand is appropriate. At issue is medical evidence regarding plaintiff's low back condition submitted to the Appeals Council in support of plaintiff's request for review. The Appeals Council concluded this new medical evidence is not relevant to plaintiff's condition on or before August 22, 2005, the date of the ALJ's decision, because it concerns plaintiff's condition at a later time (Tr. 10). Judicial review of this determination is not available because the Appeals Council's order denying plaintiff's request for review is not a final decision of the Commissioner. 42 U.S.C. § 405(g); 20 C.F.R. §§ 422.210(a), (b) (c); Willis v. Sullivan, 931 F.2d 390, 396 (6th Cir. 1991). However, by asking for a prejudgment remand plaintiff is in essence receiving a *de novo* review by the Court.

When the Court considers a motion for a prejudgment remand, pursuant to sentence six of 42 U.S.C. § 405(g), the Court does not address the correctness of the administrative decision. Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and the new evidence might have changed the outcome of the prior proceeding." Id. Notably, the party seeking the remand has the burden of demonstrating the new evidence is material and that

5

good cause exists for not previously presenting it to the Commissioner. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 174-175 (6th Cir. 1994). The new evidence is "material," if there is a reasonable probability that it would have changed the outcome of the prior proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 711 (6th Cir. 1988) (*per curiam*). Evidence of aggravation or a deterioration in a claimant's condition after the Administrative Law Judge renders the decision is not material. Id. at 712.

Here, the ALJ rendered his decision on August 22, 2005 (Tr. 25-33). The new medical evidence addresses diagnosis and treatment of plaintiff's low back condition during the time frame May 12, 2006 through September 19, 2006 (Tr. 463-489). Thus, this medical evidence provides information about plaintiff's low back condition nearly nine months after the ALJ rendered the administrative decision. The undersigned has considered plaintiff's argument and concludes at best he is speculating about the relevance of this new medical evidence to his condition nearly nine months earlier. Clearly, this new evidence is not material because it depicts an aggravation or a deterioration in plaintiff's condition after the ALJ rendered the administrative decision. Sizemore, 865 F.2d at 712.

The undersigned will now address challenges that plaintiff has made to the ALJ's findings at the fourth step in the sequential evaluation process. By way of background, at the fourth step the Administrative Law Judge makes findings regarding the weight assigned to medical source

statements in the record[2], the claimant's credibility[3], the claimant's residual functional capacity[4], the physical and mental demands of the claimant's past relevant work, and the claimant's ability to return to the past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and (e), 416.920(a)(4)(iv) and (e).

After considering the arguments of the parties and the evidence in the record, the undersigned concludes that plaintiff's challenges to the credibility and residual functional capacity findings regarding his chronic headaches are well taken. In reaching this conclusion, the undersigned notes that the ALJ's findings are not supported by substantial evidence in the record. More specifically, the ALJ turned a blind eye to the headache diary plaintiff maintained from February 25, 2004 through April 14, 2005 at the direction of his treating neurologist, Dr. Patel (Tr. 29-30, 161-238, 282). This daily headache diary sets forth contemporaneously recorded information about the presence or absence of headaches, the severity and duration of the headaches, the time at which medications were taken as well as the type and quantity of medications taken (Tr. 161-238). Clearly, this evidence says volumes about the credibility of plaintiff's complaints regarding his headaches and the effect the headaches have on his daily activities. Further, the ALJ ignored the frequency that plaintiff complained to treating and examining sources about his headaches (Tr. 29-

---

[2] 20 C.F.R. §§ 404.1527(d), 416.927(d).

[3] In assessing a claimant's residual functional capacity the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 96-7p.

[4] The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946. The residual functional capacity finding is based on a consideration of medical source statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946.

7

30, 248-442). Moreover, as a basis for discounting the credibility of plaintiff's testimony about the frequency and severity of his headaches, the ALJ relied on a mischaracterization of what is set forth in Dr. Patel's treatment note of December 17, 2003 and plaintiff's testimony (compare Tr. 27 with Tr. 281 and 507-508). Specifically, the ALJ discounted plaintiff's credibility in part because plaintiff's complaint of experiencing headaches "24/7" was inconsistent with plaintiff's report to Dr. Patel that he experienced headaches only 4 to 6 times a month (Tr. 30). The treatment note actually indicates plaintiff reported having 4-6 bad headaches a month on an average and there are months he would experience headaches almost every single day (Tr. 281). Further, plaintiff did not testify he experiences headaches "24/7". Rather, his testimony is consistent with what he told Dr. Patel in December of 2003 (Tr. 281, 500-501, 506-508).

Also troubling is the fact that the ALJ, a lay person, relied on a normal CT scan of plaintiff's head as a basis for discounting the credibility of plaintiff's subjective complaints regarding his chronic headache condition (Tr. 29). While a normal CT scan may be useful in ruling out certain causes of plaintiff's headaches (e.g., brain tumor), there is no medical opinion in the record indicating a normal CT scan of the head disproves the existence or the severity of plaintiff's chronic headache condition. In essence, the ALJ succumbed to the temptation of playing doctor. Schmidt v. Sullivan, 914 F.2d 117, 118 (7th Cir. 1990) (Administrative Law Judges "must be careful not to succumb to the temptation to play doctor").

Equally troubling, as another basis for discounting the credibility of plaintiff's statements about his chronic headache condition, the ALJ relied on a mischaracterization of what is set forth in a treatment note prepared by a psychological counselor (compare Tr. 29 with Tr. 429). According to the ALJ, the psychological counselor notes that plaintiff's headache symptoms "are

8

factitional malingering" (Tr. 29). However, the treatment note actually expresses the counselor's personal belief, not a determination based on objective testing (Tr. 429). Further, under the regulations, the psychological counselor is not qualified to render a medical opinion about the nature and severity of a claimant's impairment (Tr. 429). 20 C.F.R. §§ 404.1513(a) and (b)(6), 404.1527(a)(2), 416.913(a) and (b)(6), 416.927(a)(2). The undersigned is aware that Social Security Ruling 06-03p indicates opinions from licensed clinical social workers, who are not technically deemed "acceptable medical sources" under the regulations, should be evaluated on key issues such as impairment severity and functional effects. However, the treatment note was prepared by a psychological counselor dealing with plaintiff's depression, not his headaches (Tr. 429). Thus, the psychological counselor's personal belief regarding plaintiff's chronic headache condition is of little relevance in assessing the credibility of plaintiff's testimony about the chronic headache condition and the limitations it imposes.

The undersigned also observes the ALJ found that plaintiff's chronic headaches of uncertain etiology is a "severe" impairment within the meaning of the regulations (Tr. 29). To make such a finding the ALJ must have concluded this condition "significantly limits" plaintiff's ability to do one or more basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a); Social Security Ruling 96-3p; Social Security Ruling 96-4p. Yet in making the residual functional capacity findings the ALJ did not include any limitations that address plaintiff's chronic headaches (Tr. 30). This omission does not make any sense.

Pursuant to sentence four of 42 U.S.C. § 405(g), the Court can reverse the final decision of the Commissioner, remand the case for further proceedings and order the Commissioner to consider additional evidence to remedy a defect in the original proceedings. Faucher v. Secretary

9

of Health and Human Services, 17 F.3d 171, 175 (6th Cir. 1994). Here, since the ALJ's credibility and residual functional capacity findings are not supported by substantial evidence in the record, the undersigned recommends the final decision of the Commissioner be reversed and this matter be remanded for further proceedings with instructions to consider the evidence regarding plaintiff's chronic headache condition in making the credibility and residual functional capacity findings as well as the vocational determinations.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are not supported by substantial evidence in the record, and it is recommended that the final decision of the Commissioner be reversed and this matter be remanded for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g).

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and

10

recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. <u>Thomas v. Arn</u>, 728 F.2d 813 (6th Cir.), <u>aff'd</u>, 474 U.S. 140 (1984).

Copies:    Counsel